Per Curiam.
The Appellant seeks review of an order denying a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The State concedes error and we accept the concession.
When the trial court entered the order denying the motion, the Appellant's direct appeals from the convictions and sentences he was challenging in the postconviction motion were still pending in this Court. Therefore, the trial court lacked jurisdiction to rule on the motion. See Burch v. State , 721 So.2d 1198 (Fla. 1st DCA 1998) (holding that trial court lacked jurisdiction to consider postconviction motion because the direct appeal was pending). The Appellant's direct appeals have since become final. Accordingly, we reverse and remand for the trial court to reconsider the motion after this opinion becomes final. See McDaniel v. State , 789 So.2d 1223 (Fla. 1st DCA 2001).
REVERSED and REMANDED with directions.
Wolf, Bilbrey, and Kelsey, JJ., concur.